Spinney v. Barbe.

---

## E. C. SPINNEY
### v.
## MORRIS BARBE.

*Fixtures—When Mirror a Part of Realty—Error in Favor of Appellant—Practice.*

1. Upon the case presented, this court holds that the mirror, for removing which damages were sought, was a part of the realty.
2. Appellant can not complain here of an error committed by the lower court in his own favor.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. D. M. KIRTON, for appellant.

Mr. W. A. FOSTER, for appellee.

MORAN, J.  Appellee recovered a judgment against appellant for $115, being the value, as found by the court, of a certain *console* mirror which was removed by appellant, from a certain house purchased by appellee from appellant.  It is to be inferred from the evidence, and it is assumed by both parties, that the house was deeded to appellee and paid for before appellant removed the mirror.  The evidence showed that the mirror was firmly attached to the chimney breast by a frame molding and seat which was of the same character and finish as the balance of the woodwork of the parlor, and in removing it a part of the plaster was knocked off of the chimney breast, and a new base board had to take the place of the seat of the mirror.  The chimney breast was not complete or in keeping with the finish of the rest of the room, without the mirror.  It, with the frame molding and seat, constituted a part of the finish of the room, as much so as the base and bead molding on other portions of the wall.  Ordinarily a mirror, merely secured to the chimney wall so as to be safely held, would not become a part of the realty, but in determining the question whether such an article is part of the realty or not, reference must be had to the manner and extent of the annexation, as well as to the purpose of it, and if from these an intent to annex to the freehold is manifest, the attached article will be held to be part thereof.  As between vendor and vendee, the intendment is strong as against the vendor.  Lawson's Rights and Remedies, Sec. 2900; McLaughlin v. Johnson, 46 Ill. 163; Connor v. Squiders, 50 Vt. 163.

Having been built in as described, and so attached to the chimney front that it could not be removed without tearing away a portion of the plastering and removing the seat, which latter had to be replaced with a new base board, we regard

North Chicago Street Ry. Co. v. Thurston.

the intent to annex it to the freehold as sufficiently manifested and must conclude that it passed by the deed of the land.

The court was right in rendering judgment against appellant. The fact that the court held as a matter of law that the mirror was not part of the realty, but was personal property, and then found that it was sold to appellee as personal property, will not avail appellant. The judgment was right, though the judge erred in holding the proposition of law which appellant requested him to hold. The error was in appellant's favor and committed on his request, and he can not urge it here to reverse a judgment against him which the facts and the law both support.

*Judgment affirmed.*